IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CASIE CAMPENELLO,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:26-CV-63-L** |
| | § | |
| **MOSAIC SALES SOLUTIONS and MOSAIC SALES SOLUTIONS US OPERATING CO LLC,** | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("Motion" or "Motion to Dismiss") (Doc. 12), filed February 24, 2026. For the reasons herein explained, the court **denies** the Motion to Dismiss (Doc. 12).

## I. Factual and Procedural Background

Plaintiff Casie Campanello ("Plaintiff" or "Ms. Campanello") is a former Director of Operations for Defendants Mosaic Sales Solutions and Mosaic Sales Solutions US Operating Co LLC ("Defendants" or Mosaic). Ms. Campanello worked for Mosaic from early 2022 to early 2024. In her Amended Complaint, Plaintiff asserts claims against Defendants for alleged interference and discrimination-related violations of the Family and Medical Leave Act ("FMLA") and "associational disability discrimination" under the ADA.

Defendants have moved to dismiss both claims under Federal Rule of Civil Procedure 12(b)(6), asserting that:

> Campanello does not allege ***any*** facts relating to any health condition of her own. Her FMLA and ADA claims rest entirely on the alleged conditions of two family members: her mother and her sister. Her claims brought under the FMLA stem from her mother's alleged health condition. Her claims brought under the

> ADA stem from her sister's. This distinction is critical. Campanello cannot show FMLA-qualifying caregiving for her mother, nor can she pursue a cognizable ADA claim based on her sister.

Doc. 12 at 3.

## II. Rule 12(b)(6) Legal Standard

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas*

*Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and '"clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record."' *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines

whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way:

> A motion to dismiss for failure to state a claim concerns the formal sufficiency of the statement of the claim for relief, not a lawsuit's merits. So when reviewing such a motion, we assume that the facts the complaint alleges are true and view those facts in the light most favorable to the plaintiff. The complaint survives if it contains sufficient factual matter . . . to state a claim to relief that is plausible on its face.

*Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020) (citations and quotation marks omitted). Accordingly, the denial of a 12(b)(6) motion has no bearing as to whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge.

## III. Discussion

### A. FMLA Interference or Discrimination

Defendants acknowledge that the FMLA provides protected leave for eligible employees "[i]n order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." Doc. 12 at 5 (quoting *Roncone v. Univ. of Texas Sw. Med. Ctr.*, No. 3:23-CV-2526-L-BN, 2025 WL 1678511, at *5 (N.D. Tex. May 28, 2025), *rec. adopted by* No. 3:23-CV-2526-L, 2025 WL 1678154 (N.D. Tex. June 13, 2025) (citing 29 U.S.C. § 2612(a)(1)(C)). As indicated, Defendants also acknowledge that Plaintiff's FMLA claim stems from her mother's and/or sister's alleged health conditions. Defendants, however, contend that Plaintiff's FMLA claim—Mosaic "denied [her] leave that should have been covered by the [FMLA]" and "terminated [her] employment while she was on leave that should have been covered by the [FMLA]"—is insufficient as pleaded because, although her mother's hospitalization and her sister's injuries are tragic, she does not adequately describe her caregiving responsibilities or the type of ongoing caregiving that would entitle an employee to FMLA leave.

The court determines that dismissal on this ground is not warranted, as this argument by Defendants is not adequately briefed. Specifically, Defendants argue, but they do not cite any legal authority to support their position regarding the level of factual detail required at this stage to support an FMLA claim based on caregiving and the type of caregiving that qualifies for purposes of § 2612(a)(1)(C).

Defendants next contend that Plaintiff fails to allege that she provided Mosaic with the requisite or adequate notice regarding her caregiving duties as required by the FMLA:

> Even if the Court were to find that Campanello plead sufficient qualifying facts entitling her to protections under the FMLA—which she has not—[Ms.] Campanello's FMLA interference claim fails for the additional, independent reason that she does not plead facts establishing she gave adequate notice to Mosaic. As a general rule, when the necessity for leave is foreseeable, "the FMLA requires an employee to provide the employer with at least 30 days of advance notice." *Roncone*, 2025 WL 1678511, at *7 (citing 29 C.F.R. 825.303(a)). For situations where leave is unforeseeable, "an employee must provide notice to the employer as soon as practicable under the facts and circumstances of the particular case." *Id.*
>
> [Ms.] Campanello's allegations fall woefully short of establishing the requisite notice outside of a conclusory statement that "Defendants were made aware of . . . Plaintiff's mother's surgery." (Amended Complaint ¶ 30.) [Ms.] Campanello does not allege that she communicated to anyone at Mosaic information establishing entitlement to FMLA leave to care for her mother, much less that she followed Mosaic's prescribed process for providing notice to the Company of a need for such leave. Though she says she "asked if she could take FMLA leave," on March 7, 2024, she does not state to whom the inquiry was made. *See id.* ¶ 31. She says her supervisor, Miranda Gurrola ("Gurrola"), told her that she did not qualify for FMLA leave, but she does not indicate upon what basis Gurrola's communication was made. *See id.* ¶ 32. She does not state whether she asked for leave to care for her sister, her mother, or both. To the extent she contends that various Mosaic employees knew "about" her mother, she does not state what information she communicated with regard to her mother's specific condition or any accompanying caretaking requirements, and she likewise does not state that any such representations were made in conjunction with a request for FMLA leave. [Ms.] Campanello fails to allege that she gave the requisite notice to Mosaic regarding any purported caretaking duties she assumed with regard to her mother.
>
> To the extent she implies that Mosaic employees should have somehow made a connection between the unidentified information she allegedly communicated to Mosaic employees "about" her mother on an unspecified date and

> her March 7th "ask" for FMLA leave, the timeline undermines any such contention. [Ms.] Campanello alleges her mother's surgery occurred around February 11, 2024, approximately one month prior to her "ask." Notwithstanding her failure to allege she communicated to anyone that her mother had a six-week caregiving period, by the time she "asked" if she could take FMLA leave, half of the six-week caregiving period following her mother's surgery had already elapsed. [Ms.] Campanello says she called Mosaic's benefits team on March 20, who told her that she did qualify for FMLA leave. But, she still does not allege the basis upon which she asked (which may have been different than the basis underlying her March 7th inquiry), and this inquiry would have occurred just days before the full six-week caregiving period after her mother's surgery elapsed. [Ms.] Campanello fails to allege the requisite notice required for her FMLA interference claim, and this claim must be dismissed. [Ms.] Campanello's inability to provide a cognizable timeline of events to include dispositive representations regarding the timing and need for leave (for a second time), renders her claims subject to dismissal.

Doc. 12 at 7-8 (footnote omitted).

Defendants also note that Plaintiff's "March 20 inquiry occurred after she had already been notified on March 15, 2026, that her position was being unfunded and her employment would terminate nine days later, on March 29." *Id.* at 8 n.4. Mosaic further asserts that, to the extent that Plaintiff contends that the decision to terminate her employment occurred while she was on leave, her pleadings contain no such factual allegations, and "[s]he does not allege that she was ever granted leave (whether protected under the FMLA or otherwise), and her inquiry into leave to which she claims Mosaic's benefits team told her she was entitled[] came ***after*** she was notified her employment was being terminated." Doc. 12 at 5 n.3.

Dismissal on this ground is not appropriate for similar reasons. First, Defendants' argument conflates the timing of notice under the statute with the adequacy of notice. Second, Defendants do not cite any legal authority to support their contentions regarding the adequacy of Plaintiff's FMLA notice. Discovery regarding some of the issues raised by Defendants' Motion will also likely flesh out the questions it has regarding the basis for bases for Plaintiff's FMLA claim. Accordingly, Defendants' request to dismiss Plaintiff's FMLA claim will be denied.

**B. "Associational Disability Discrimination" under the ADA**

Defendants contend that Plaintiff's ADA claim should be dismissed because she only pursues a claim for "associational disability discrimination" under the ADA, but the Fifth Circuit has never recognized a cause of action for "associational disability discrimination" based on disability and "***recently declined*** to address the viability of any such claim." Doc. 12 at 9 (citing *Spencer v. FEI, Inc.*, 725 F. App'x 263, 267 (5th Cir. 2018)). Defendants assert that it is for this reason that the magistrate judge in *Roth v. Canon Solutions America, Inc*., No. 3:18-CV-02196-BT, 2019 WL 4597583, at *5 (N.D. Tex. Sept. 23, 2019), and the district court in *Balachandran v. Valvtechnologies, Inc.*, No. 4:20-CV-1078, 2021 WL 3639806, at *2 (S.D. Tex. July 30, 2021), found "no cognizable cause of action for associational discrimination exists in this jurisdiction" and concluded that the plaintiff's "association[al] discrimination claim is not a valid ADA claim" and dismissed the plaintiffs' claims.

Plaintiff, on the other hand, argues that the Fifth Circuit has directly and inferentially recognized such a claim. Doc. 13 at 15 (citing *EEOC v. DYNMCDERMOTT Petroleum Operations Co*., 537 F. App'x 437, 443 (5th Cir. 2013), for the conclusion that "[t]he ADA makes it unlawful for a covered employer to discriminate against an individual because of his disability or because of his relationship of association with an individual with a disability"); and *Spencer v. Fei, Inc*., 725 F. App'x 263, 266-67 (5th Cir. 2018) (citing 42 U.S.C. § 12112(b)(4), for the conclusion that "[]employers are prohibited under the ADA from taking adverse employment action 'because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.'").

Plaintiff also points to the Fifth Circuit's opinion in *Grimes v. Wal-Mart Stores Tex., LLC,* 505 F. App'x 376, 380 & n.1 (5th Cir. 2013), which she contends outlined the following elements for a claim based on associational disability discrimination:

> (a) the plaintiff was qualified for the job; (b) the plaintiff was subjected to adverse employment action; (c) the employer knew of the employee's disabled relative; and (d) the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative was a determining factor in the employer's decision.

Doc. 13 at 15 (citing *Grimes*, 505 F. App'x at 380 & n.1). In addition, Plaintiff contends that a number of courts in the Northern and Southern Districts of Texas, the Western District of Louisianna, and the Southern District of Mississippi have recognized associational disability discrimination as a valid claim. Doc. 13 at 11 & n.n.24-26, 29, 32. Finally, Plaintiff argues that, even if the Fifth Circuit has not formally recognized such a claim, express recognition is not necessary for such a claim to exist because, "when Congress makes a law[,] the court must enforce the law as Congress has written it." *Id.* at 17 & n.27 (quoting *Homa v. Am. Express Co.*, 494 F. App'x 191, 196 (3d Cir. 2012)).

The court agrees with Plaintiff that it is not necessary for the Fifth Circuit to formally recognize a federal statutory claim for it to be valid, and the court's decision in *Spencer v. FEI, Incorporated* to not address the viability of any such claim does not mean that no valid claim exists. In *Spencer*, the court explained as follows:

> We agree with a prior opinion that this court has not "explicitly recognized a cause of action for discrimination based on association with a handicapped individual, nor have we described what such a claim requires." *Grimes v. Wal-Mart Stores Tex., L.L.C.*, 505 F[.] App[']x[] 376, 380 n.1 (5th Cir. 2013). If such an action were viable, a "prima facie case of associational discrimination would require that the Plaintiff show (1) her qualification for the job, (2) an adverse employment action, (3) the employer's knowledge of the employee's disabled relative, and (4) that the adverse employment action occurred under circumstances raising a reasonable inference that the relative's disability was a determining factor in the employer's adverse action." *Id.* at 380. Similar to other panels of this court

> addressing the unsettled viability of associational discrimination claims, we assume without deciding that Spencer has presented sufficient evidence to support a prima facie case of discrimination. *Id.* at 380-81.

*Spencer*, 725 F. App'x at 267.

The foregoing discussion does not support the conclusion that the Fifth Circuit has rejected out of hand a claim based on associational disability discrimination; nor does it reflect that the court "***expressly declined*** to address the viability of associational disability discrimination claims" as Defendants argue. In any event, when the Fifth Circuit declines to address an issue on appeal, frequently the simply reason for this is that resolution of the issue was not necessary to resolve the appeal. The court also notes that none of the cases cited by the parties is published or binding precedent, although the court finds some of the cases relied on by Plaintiff to be persuasive. Accordingly, the court determines that this argument by Defendants does not warrant dismissal of Plaintiff's ADA claim at this juncture.

## IV. Conclusion

For the reasons explained, Defendants' Motion to Dismiss (Doc. 12) Plaintiff's FMLA and ADA claims is **denied**.

**It is so ordered** this 28th day of September, 2026.

Sam A. Lindsay
United States District Judge